IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MANDRIEZ SPIVEY, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | CIVIL ACTION NO. 5:20-CV-228-MTT |
| FEDERAL PROBATION, : | |
| : | |
| Respondent. : | |

### ORDER

Petitioner Mandriez Spivey, a federal probationer, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Doc. 2.  For purposes of this dismissal alone, his application to proceed *in forma pauperis* is **GRANTED**.

### I. RULE 4 ANALYSIS

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides as follows:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.   If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner is challenging his 2005 Bibb County conviction for aggravated stalking and terroristic threats.  Doc. 1 at 1.  Petitioner received a five-year probated sentence.

1

*Id.* According to Petitioner, this conviction was "used to enhance his federal sentence." *Id.* at 13.

This Court has jurisdiction to review the § 2254 petition of a habeas petitioner who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means that the habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired." *Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997) (citation omitted); s*ee also Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (a federal prisoner who challenges an expired state sentence that was used to enhance his current federal sentence must bring suit under 28 U.S.C. § 2255 rather than § 2254)[1]; *Andrews v. Warden, FCC Coleman USP # I*, 475 F. App'x 747 (11th Cir. 2012). Therefore, because Petitioner is no longer in state custody and his state sentence completely expired years ago, this Court does not have jurisdiction to hear his claims under § 2254.

This is true even if Petitioner's prior conviction was subsequently used to enhance a federal sentence. "[O]nce a state conviction is no longer open to direct or

---

[1] Petitioner has already filed a § 2255 motion to vacate his federal conviction that was decided on the merits and attempted to file numerous additional § 2255 motions. Docs. 78, 95, 107, 115, 144, and 148 in *United States v. Spivey*, 5:10-cr-17-LGA. Thus, Petitioner will need to get authorization from the Eleventh Circuit before filing a second or successive § 2255 motion to vacate.

collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001),   Thus, "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04.   The only "rare" exceptions to this rule are: (1) when there has been a violation of the right to counsel set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963); and (2) when no channel of review was actually available with respect to a prior conviction, due to no fault of the criminal defendant. *Daniels v. United States*, 532 U.S. 374, 382-83 (2001), *Lackawanna Cty.*, 532 U.S. at 396–406; *McCarthy v. United States*, 320 F.3d 1230, 1232-33 (11th Cir. 2003) (referencing these "rare exceptions" in a § 2255 case).

     Neither of those exceptions applies here.   Petitioner was represented by counsel.   Doc. 1 at 5-8.   He raises various ineffective assistance of counsel claims. Doc. 1.   But ineffective assistance is not what was contemplated by the Supreme Court when it carved out the exception for defendants having no available channel of review. Courts have in fact found that "prisoners are not entitled to [the] exception on the ground that their counsel provided inadequate representation."   *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (citation omitted); *Custis v. United States*, 511 U.S. 485, 496–97 (1994) (claims of ineffective assistance of counsel not encompassed within the Sixth Amendment violation exception).

Petitioner also states he is "actually innocent." A channel of review is unavailable if "after the time for direct or collateral review has expired, a defendant . . . obtain[s] compelling evidence that he is actually innocent of the crime for which he was convicted, . . . which he could not have uncovered in a timely manner." *McCarthy*, 320 F.3d at 1233 (citing *Lackawanna*, 532 U.S. at 405). Petitioner does not mention any newly discovered "compelling evidence." *Id.* He merely makes the conclusory allegation that he is "actually innocent." Doc. 1 at 13. Petitioner's threadbare recital of an exception allowed under *Lackawanna* is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.").

Petitioner's habeas petition indicates that he had counsel in the Bibb County proceeding, and he does not allege the actual absence of a channel of review with respect to his conviction as contemplated in *Lackawanna*. 532 U.S. at 396–406. The Court thus finds that Petitioner is barred, as a matter of law, from using § 2254 to mount a collateral attack on the 2005 conviction even if it was used to enhance his federal sentence. Petitioner is not "in custody" pursuant to the 2005 Bibb County conviction. The § 2254 petition is, therefore, **DISMISSED** for lack of jurisdiction.[2]

**SO ORDERED**, this 3rd day of August, 2020.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

---

[2] Petitioner's motion for counsel is **DENIED** as moot. Doc. 3.